[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On or about August 13, 1991, plaintiff, Joseph Murphy ("Murphy"), commenced an action against defendants Marshall Contractors, Inc. ("Marshall") and Pitney Bowes, Inc. Plaintiff alleges in said action that on or about December 8, 1989, while working as an employee of Connecticut Sheet Metal, he was injured after falling on stairs which were covered with sand. Plaintiff alleges that his injuries were caused by defendant Marshall's negligence.
On November 14, 1991, defendant Marshall filed, pursuant to General Statutes 52-102, a motion to cite in as an additional party A A Acoustics, Inc. ("A A"). The defendant also filed with his motion a summons and complaint to be served on A A. On December 2, 1991, the court, Fracasse, J., granted defendant Marshall's motion and ordered that service be made on A A by December 12, 1991. On January 2, 1992, A A filed an appearance as third-party defendant. On January 14, 1992, defendant Marshall filed a cross claim against A A alleging that pursuant to a written subcontracting agreement entered into between A A and itself, A A agreed to indemnify and hold harmless Marshall for any claims or civil actions based on bodily injury brought against it.
On February 24, 1992, pursuant to Practice Book 152, A A filed the pending motion to strike defendant Marshall's cross claim on the ground that a third-party plaintiff cannot bring a cross claim against a third-party defendant. Each party has filed a memorandum of law.
A A argues that because it is a third-party defendant in the present matter and not a codefendant for purposes of Practice Book 116, defendant Marshall cannot allege a cross claim against it. Defendant Marshall argues that A A is not a third-party defendant in the present action because it was brought into this action as an additional party defendant under General Statutes52-102. Defendant Marshall then contends that because A A is a party to the action, its cross claim is authorized by Practice Book 116. CT Page 6777
Practice Book 116 provides that "[i]n any action for legal or equitable relief, any defendant may file . . . cross claims against any co-defendant provided that each such . . . cross claim arises out of the transaction . . . which is the subject of the plaintiff's complaint. . . ." (Emphasis added).
Although defendant Marshall's motion to cite in purports to be pursuant to 52-102, the motion was not accompanied by an order that the plaintiff amend his complaint to allege a cause of action against A A and summon A A to appear as a defendant, such that A A would become a party to the original action filed by Murphy. The summons and complaint attached to defendant Marshall's motion and the service thereof upon A A by defendant Marshall was in the nature of a third-party action pursuant to52-102a(a). Section 52-102a(a) provides in pertinent part:
 [a] defendant in any civil action may move the court for permission as a third-party plaintiff to serve a writ, summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him.
Section 52-102a further provides in subsection (c) that "[t]he plaintiff, within twenty days after the third-party defendant appears in the action, may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the original complaint." The plaintiff, Murphy, did not assert any claim against A A within the time provided in subsection (c).
By virtue of the summons and complaint served on A A by defendant Marshall and by Murphy's failure to assert any claims against A A, A A's status in this action is that of a third-party defendant. Because Marshall and A A are not co-defendants in the original action brought by Murphy, a cross claim by Marshall against A A. is not available under Practice Book 116. Accordingly, A A's motion to strike defendant Marshall's cross claim on the ground that it is legally insufficient in that a cross claim can only be alleged against a co-defendant is granted.
HOWARD F. ZOARSKI, JUDGE CT Page 6778